

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00070-CV

_____

IN RE CITY OF LUBBOCK, RELATOR

Original Proceeding
Arising From Proceedings Before the 140th District Court
Lubbock County, Texas
Trial Court No. 2020-421,049; Honorable Douglas H. Freitag, Presiding

September 2, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

In this original proceeding, Relator, the City of Lubbock, seeks to set aside the trial court's *Order on Amended Ex Parte Motion for Inspection and Release of LPD Records*, directed to the Lubbock Police Department, a department of the City of Lubbock. That order granted the *Amended Ex Parte Motion for In-Camera Inspection and Release of LPD Records* filed by the Real Party in Interest, Rodolfo Zambrano, seeking certain

records in the possession of the Lubbock Police Department. Based on the reasoning that follows, we deny the petition for writ of mandamus.

### BACKGROUND

This original proceeding arises from an *ex parte* order issued by the 140th District Court following the motion of Rodolfo Zambrano, the defendant in cause number 2020-421,049, a criminal case involving sexual assault of a child, pending before that court.[1] Zambrano is the Real Party in Interest in the mandamus proceeding now before us.

In February 2021, Zambrano filed an *Ex Parte Motion for Court Ordered Production of Documents and/or Things.* On the same day, the court granted that motion and issued its *Order on Ex Parte Motion for Production of Documents and/or Things*. That order commanded the City of Lubbock to "provide all records held by said entity regarding J****** G*****, DOB: **/**/****, SSN# ***-**- ****, including but not limited to: records where she was reported to be a child victim of sexual abuse."[2] Because of the *ex parte* nature of the proceeding, the State of Texas was not given notice of either the filing of the motion or the entry of the order.

Of course, Relator, the City of Lubbock, is not a party to the underlying criminal prosecution. Notwithstanding that fact, the *ex parte* order commanded the City to produce to Zambrano specific police reports concerning allegations of sexual assault by a child and identify both the child victim and the outcry witness. We note that Zambrano did not seek the desired information and documentation through a subpoena *duces tecum* or

---

[1] Zambrano was charged with the offense via indictment filed on September 15, 2020.

[2] We have redacted the original language of the order to protect the identity of the child victim.

2

through a discovery motion directed to the State of Texas as typically required by the Texas Code of Criminal Procedure. Rather, Zambrano sought this information through an *ex parte* motion and the order granting that motion specifically prohibits the City from disclosing the existence or contents of the order to the State or to any other party, including the child victim and outcry witness.

The City did not receive notice of the *ex parte* motion prior to the issuance of the *ex parte* order. Accordingly, the City filed its *Response to the Order on Ex Parte Motion for Court Ordered Production of Documents and/or Things and Motion for Stay and Protective Order* after that order was issued. In that response, the City objected to the *ex parte* nature of the proceedings and the issuance of the *ex parte* order without being given an opportunity to be heard on the motion. The court granted the City's request for rehearing and set a date for that hearing. As before, no notice was provided to the State.

On the day of the rehearing, March 23, 2021, Zambrano filed an *Amended Ex Parte Motion for In-Camera Inspection and Release of LPD Records*. This time, the amended motion requested that the documents Zambrano sought to be produced for *in-camera* inspection by the court rather than delivery directly to Zambrano's attorney. At the conclusion of the hearing, the trial court vacated the original *ex parte* order. It also requested briefing on the issues. On April 1, 2021, the court issued an *Order on Amended Ex Parte Motion for In-Camera Inspection and Release of LPD Records*, commanding the City to produce records for *in-camera* inspection without notice to the State or any other party to the underlying proceeding. Further, it is undisputed that the court did not order that the Texas Attorney General be given notice of a constitutional challenge to any of the

provisions of the Texas Code of Criminal Procedure pertaining to the discovery or production of documents.

On April 7, 2021, the City filed a *Motion for Stay* to file a *Petition for Writ of Mandamus* with this court. The trial court entered an *Order to Stay* on April 8, 2021, and this petition was filed shortly thereafter.

### MANDAMUS STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court abused its discretion and (2) that no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, a relator bears the burden of proving these two fundamental requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, a relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). To establish no adequate remedy by appeal, a relator must show there is no adequate remedy at law to address the alleged harm and that the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

**ANALYSIS**

**ADEQUACY OF APPELLATE REMEDY**

At the outset, the City argues it has no adequate remedy at law to challenge the discovery dispute at issue here because it is a non-party to the underlying criminal case. Only a defendant and the State of Texas are permitted to appeal a criminal judgment. TEX. CODE CRIM. PROC. ANN. art. 44.01; 44.02 (West 2018). However, "[m]andamus is a proper remedy for a trial court's action against a non-party who has no right of appeal, but has standing in the mandamus proceeding." *In re BancorpSouth Bank*, No. 05-14-00294-CV, 2014 Tex. App. LEXIS 4052, at *4 (Tex. App.—Dallas Apr. 14, 2014, orig. proceeding). Here, the *ex parte* order requires the City to produce confidential documents for *in-camera* review. The City is not a party to this proceeding so it cannot appeal as a party would following the conclusion of the matter. Further, while this matter is interlocutory in nature, it is not of the type of proceeding for which interlocutory appeal is available. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (West Supp. 2020). Accordingly, we find the City has no adequate appellate remedy in this situation and should be permitted to seek relief pursuant to a petition for writ of mandamus.

We turn now to the City's contention that the trial court abused its discretion by acting unreasonably, arbitrarily, or without reference to any guiding rules or principles when it issued its *ex parte* order.

**TRIAL COURT'S ABUSE OF DISCRETION**

**ISSUE ONE—ABUSE OF DISCRETION IN IMPLICIT FINDING THAT PROVISIONS OF CODE OF CRIMINAL PROCEDURE VIOLATE THE UNITED STATES AND TEXAS CONSTITUTIONS WITHOUT REQUIRING THAT THE TEXAS ATTORNEY GENERAL BE MADE A PARTY**

In the underlying proceeding, Zambrano sought "documents and/or things" including police offense reports held by the Lubbock Police Department. He specifically sought a report of sexual assault made by a third party, who is a key witness in the matter but is not the complainant in this case. The City argues this is a subject that is squarely addressed by articles 24.02,[3] 24.03,[4] and 39.14[5] of the Texas Code of Criminal

---

[3] Article 24.02, entitled *Subpoena duces tecum,* provides as follows:

> If a witness have in his possession any instrument of writing or other thing desired as evidence, the subpoena may specify such evidence and direct that the witness bring the same with him and produce it in court.

TEX. CODE CRIM. PROC. ANN. art. 24.02.

[4] Article 24.03, entitled *Subpoena and application therefor,* provides as follows:

> (a) Before the clerk or his deputy shall be required or permitted to issue a subpoena in any felony case pending in any district or criminal district court of this State of which he is clerk or deputy, the defendant or his attorney or the State's attorney shall make an application in writing or by electronic means to such clerk for each witness desired. Such application shall state the name of each witness desired, the location and vocation, if known, and that the testimony of said witness is material to the State or to the defense. The application must be filed with the clerk and placed with the papers in the cause or, if the application is filed electronically, placed with any other electronic information linked to the number of the cause. The application must also be made available to both the State and the defendant. Except as provided by Subsection (b), as far as is practical such clerk shall include in one subpoena the names of all witnesses for the State and for defendant, and such process shall show that the witnesses are summoned for the State or for the defendant. When a witness has been served with a subpoena, attached or placed under bail at the instance of either party in a particular case, such execution of process shall inure to the benefit of the opposite party in such case in the event such opposite party desires to use such witness on the trial of the case, provided that when a witness has once been served with a subpoena, no further subpoena shall be issued for said witness.
>
> (b) If the defendant is a member of a combination as defined by Section 71.01, Penal Code, the clerk shall issue for each witness a subpoena that does not include a list of the names of all other witnesses for the State or the defendant.

TEX. CODE CRIM. PROC. ANN. art. 24.03.

[5] Article 39.14, entitled Discovery, provides in relevant part:

6

Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 24.02, 24.03 (West 2009); art. 39.14 (West Supp. 2020). The City further asserts that Zambrano, rather than utilize the mechanisms already in place for discovery in criminal proceedings, has sought the production of documents via an *ex parte* motion, arguing that "under our [Code of Criminal Procedure] the defendant is forced to disclose pretrial his defensive theories via his subpoenas in order to obtain documents or other things to which he is constitutionally entitled." Zambrano further argued in his motion that "[s]ince this is an issue of constitutional dimension, the Texas Code of Criminal Procedure must give way to the rights of the defendant and the duty of counsel. To the extent the Code limits the rights to gather evidence, it is unconstitutional." Zambrano then asserted that obtaining a subpoena in compliance with the Code of Criminal Procedure infringes on his rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and under Article 1, subsections ten, thirteen, fifteen, and nineteen of the Texas Constitution. *See* U.S. CONST. amends. VI, VIII, XIV; TEX. CONST. art. I, §§ 10, 13, 15, 19.

---

Subject to the restrictions provided by Section 264.408, Family Code, and Article 39.15 of this code, as soon as practicable after receiving a timely request from the defendant the state shall produce and permit the inspection and the electronic duplication, copying, and photographing, by or on behalf of the defendant, of any offense reports, any designated documents, papers, written or recorded statements of the defendant or a witness, including witness statements of law enforcement officers but not including the work product of counsel for the state in the case and their investigators and their notes or report, or any designated books, accounts, letters, photographs, or objects or other tangible things not otherwise privileged that constitute or contain evidence material to any matter involved in the action and that are in the possession, custody, or control of the state or any person under contract with the state. The state may provide to the defendant electronic duplicates of any documents or other information described by this article. The rights granted to the defendant under this article do not extend to written communications between the state and an agent, representative, or employee of the state. This article does not authorize the removal of the documents, items, or information from the possession of the state, and any inspection shall be in the presence of a representative of the state.

TEX. CODE CRIM. PROC. ANN. art. 39.14.

Despite these assertions, Zambrano steadfastly maintains that his *ex parte* motion is <u>not</u> a constitutional challenge to any statute that would require notice to the Texas Attorney General under section 402.010 of the Government Code.[6]  TEX. GOV'T CODE ANN. § 402.010 (West Supp. 2020).  Rather, it is the City that argues Zambrano must contend that provisions of the Texas Code of Criminal Procedure are unconstitutional and that the trial court erred by implicitly finding that the discovery provisions of the Code violate his state and federal constitutional rights.  The City is simply wrong in this contention for the reason that articles 24.02 and 39.14 of the Texas Code of Criminal Procedure are not the exclusive means by which a party may seek the discovery of

---

[6] Section 402.010 of the Government Code provides as follows:

In an action in which a party to the litigation files a petition, motion, or other pleading challenging the constitutionality of a statute of this state, the party shall file the form required by Subsection (a-1). The court shall, if the attorney general is not a party to or counsel involved in the litigation, serve notice of the constitutional challenge and a copy of the petition, motion, or other pleading that raises the challenge on the attorney general either by certified or registered mail or electronically to an e-mail address designated by the attorney general for the purposes of this section.

> (a-1) The Office of Court Administration of the Texas Judicial System shall adopt the form that a party challenging the constitutionality of a statute of this state must file with the court in which the action is pending indicating which pleading should be served on the attorney general in accordance with this section.

(a) A court may not enter a final judgment holding a statute of this state unconstitutional before the 45th day after the date notice required by Subsection (a) is served on the attorney general.

(b) A party's failure to file as required by Subsection (a) or a court's failure to serve notice as required by Subsection (a) does not deprive the court of jurisdiction or forfeit an otherwise timely filed claim or defense based on the challenge to the constitutionality of a statute of this state.

(c) This section or the state's intervention in litigation in response to notice under this section does not constitute a waiver of sovereign immunity.

TEX. GOV'T CODE ANN. § 402.010.

relevant information under the control of a third party. As such, the trial court did not implicitly find any statute to be unconstitutional.

Zambrano argues that neither article 24.02 nor 39.14 apply to this situation. He maintains that "his request is based on the constitutional rights to due process and the effective assistance of counsel." He contends that while article 24.02 allows the defense to seek a subpoena *duces tecum*, the defense would have to file the subpoena application with the district clerk under article 24.03. That application, which must be made available to the State, "would disclose the defense's reason for filing it in the first place. Consequently, that article does not apply to the instant situation." Of article 39.14, Zambrano states that the "information sought in the instant case is not held by the State. If the documents were held by the State, there would be no need for any *ex parte* review in the first place." He further maintains that while there was some discussion at the hearing as to whether the defense challenged the constitutionality of these two articles, his position then and now is that he asserts he did not challenge their constitutionality because "neither provision is applicable." He says "[w]hat *is* unconstitutional is the City's interpretation of either one of the articles as being the exclusive determiner of the issue and foreclosing the relief Mr. Zambrano seeks." Rather, he argues, the "trial court has the inherent authority to provide the requested relief . . . ." That requested relief is "for direct court intervention and *in camera* review, a procedure not addressed by any statute."

As such, Zambrano's request for the production of evidence is based on his constitutional right of due process, not that of any statute, including articles 24.02, 24.03, and 34.19. The City's assertion that articles 24.02, 24.03, and 39.14 provide the exclusive vehicle for the relief he requests is the only argument that calls into question the

9

constitutionality of those statutes. Because Zambrano's arguments do not challenge the constitutionality of any statute, no notice to the Texas Attorney General was necessary. Issue one is overruled.

**ISSUE TWO—ABUSE OF DISCRETION IN ISSUING *EX PARTE* ORDER TO THE CITY OF LUBBOCK TO PRODUCE DOCUMENTS FOR IN-CAMERA INSPECTION WITHOUT NOTICE TO THE STATE OF TEXAS OR ANY OTHER PARTY**

The City next argues the trial court abused its discretion by allowing discovery to be conducted outside the provisions of the Code of Criminal Procedure. Zambrano disagrees, again arguing "[t]rial courts have the authority to conduct *ex parte* proceedings demanded by litigation, even if not specifically mandated by a statute."

Zambrano's *ex parte* motion requested "that the Court order the Lubbock Police Department . . . to provide all records held by said entities regarding [J.G.] . . . including but not limited to: records where she was reported to be a child victim of sexual abuse to the Attorney for Mr. Zambrano. Mr. Zambrano further requests that the Court order the listed records holders to maintain the confidentiality of this request and not reveal it to the State." He contended that the documents and/or items requested were relevant and material to the development of a defense to his intent to commit the alleged offense and to the development of issues that mitigate against the imposition of his sentence.

In support of his argument, Zambrano argues that he has been accused of the serious offense of sexual assault of a child. He contends that the State has "virtually unlimited subpoena power under the guise of the grand jury" but that defense counsel has "limited ability to obtain evidence on behalf of the accused." He said he has "limited methods to gather records" and that those methods "may be unconstitutional because it

10

exposes Mr. Zambrano's defensive theories to the State." He further complains that he "has a constitutional right to present a defense but no means of using it. Counsel has a constitutional duty, but no means to carry it out." While defense counsel recognizes that there are methods available to obtain records in the possession of third parties, he contends that those methods are inadequate to enable him to prepare an "effective" defense under the United States and Texas Constitutions because the procedure in place "allows for the State to be notified of any subpoena the Defense requests. This results in the Defendant having to disclose information concerning his defense prematurely in order to utilize his constitutional right to present a defense, commonly called an unconstitutional condition." He notes also that a "defense subpoena is inadequate to procure HIPAA protected records" because only law enforcement and grand jury subpoenas will be honored by medical service providers for medical records.

In his motion to the trial court, Zambrano cited two cases to support his position. The first, *Ake v. Oklahoma*, 470 U.S. 68, 105 S. Ct. 1087, 84 L. Ed. 2d 53 (1985), involved the question of whether the United States Constitution required that an indigent defendant have access to the psychiatric examination and assistance necessary to prepare an effective defense when his sanity at the time of the offense was seriously in question. *Id.* at 70. The Court referenced *ex parte* proceedings only in this context:

> A defendant's mental condition is not necessarily at issue in every criminal proceeding, however, and it is unlikely that psychiatric assistance of the kind we have described would be of probable value in cases where it is not. The risk of error from denial of such assistance, as well as its probable value, is most predictably at its height when the defendant's mental condition is seriously in question. When the defendant is able to make an *ex parte* threshold showing to the trial court that his sanity is likely to be a significant factor in his defense, the need for the assistance of a psychiatrist is readily apparent.

*Id.* at 82-83. *See also Rey v. State*, 897 S.W.2d 333, 345-46 (Tex. Crim. App. 1995) (finding structural error when the trial court overruled the defendant's motion for appointment of an independent pathologist (separate from the pathologist already provided to Rey's co-defendant) because, in doing so, he was denied a basic tool essential to developing and presenting his defensive theory).

Zambrano also relied on the opinion in *Williams v. State*, 958 S.W.2d 186 (Tex. Crim. App. 1997). There, the Court discussed *Ake*, 470 U.S. 68, and found that "if an indigent defendant is not entitled to an *ex parte* hearing on his *Ake* motion, he is forced to choose between either forgoing the appointment of an expert or disclosing to the State in some detail his defensive theories or theories about weaknesses in the State's case. This is contrary to *Ake*'s concern that an indigent defendant who is entitled to expert assistance have 'meaningful access to justice,' and undermines the work product doctrine." *Williams*, 958 S.W.2d at 193-94. The Court declined to hold that for an indigent defendant to avail himself of one of the "'basic tools of an adequate defense,' he may be compelled to disclose defensive theories to the prosecution." *Id.* at 194. The Court held an indigent defendant is "entitled, upon proper request, to make his *Ake* motion *ex parte*." *Id.* Like the Supreme Court, the Texas Court of Criminal Appeals did not otherwise address *ex parte* proceedings and did not discuss the propriety of utilizing *ex parte* motions as a means to obtain documents and things of the nature at issue here. While the Courts in *Ake* and *Rey* did not otherwise address *ex parte* proceedings, the use of *ex parte* proceedings to protect defensive strategy has been widely accepted by the courts.

12

**CONCLUSION**

We conclude that the trial court acted within its authority when it entered the *ex parte* order the subject of this mandamus proceeding.  As such, we deny the petition for writ of mandamus.

Patrick A. Pirtle
Justice

Quinn, C.J., concurring.